UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW MEXICO

In re:
RALPH MONTANO and
ELSIE M. MONTANO,
    Debtors.                                               No. 7-04-17866 SL

RALPH MONTANO and
ELSIE MONTANO,
    Plaintiffs,
v.                                                               No. 7-1026 S

FIRST LIGHT FEDERAL CREDIT UNION,
    Defendant.

**MEMORANDUM OPINION ON PLAINTIFFS'
MOTION FOR LEAVE TO FILE
FIRST AMENDED COMPLAINT**

      This matter is before the Court on Plaintiffs' Motion for Leave to File First Amended Complaint ("Motion")(doc 5). Defendant First Light Federal Credit Union filed a response (doc 10) to which Plaintiff's replied (doc 11). Plaintiff's proposed amended complaint, attached as an exhibit, seeks to add additional plaintiffs and seeks certification of a class of plaintiffs similarly situated. Having considered the argument of the parties and being otherwise sufficiently informed, the Court finds that the Motion should be granted in part and denied in part. This is a core proceeding. 28 U.S.C. § 157(b)(2)(O).

      Generally, leave is freely granted when a Plaintiff seeks to amend a complaint. See Fed. R. Bankr. P. 7015(a); Foman v. Davis, 371 U.S. 178, 182 (1962). Refusal to allow amendment is justified, however, if the amendment would be futile. Id.; see also Frank v. U.S. West, Inc., 3 F.3d 1357, 1365 (10th Cir.

1993). As discussed below, the Court finds that it has no jurisdiction over the claims of putative class members who received bankruptcy discharges from outside of the District of New Mexico. Adding those out of state members would result in immediate dismissal and is therefore futile. Therefore, leave to file the proposed amended complaint will be granted in part, to the extent it seeks to add class members that received discharges from the District of New Mexico and will be denied in part, to the extent it seeks to add class members that received discharges from outside of the District of New Mexico.

The proposed First Amended Complaint (doc 5, exhibit 1) summarizes the relief requested in a "Preliminary Statement", which reads as follows:

> This is a class action based upon Defendant's continued willful violation of the Bankruptcy Court's order of discharge in the Districts of New Mexico and Western District of Texas. Plaintiff brings this action on behalf of hundreds, if not thousands, of the Defendant's members or former members who have filed for bankruptcy relief and who have been denied their opportunity for a fresh start as contemplated by Congress when it enacted the bankruptcy code. In essence, the claims against Defendant result from the Defendant attempting to collect discharged debts by failing to correctly report the discharged debts on the debtors' credit reports. In many instances when debtors have contacted Defendant in an effort to clear up the negative reporting, Defendant has refused to correct the information and instead indicated that it can only be cleared up if the debt is paid. In turn, this practice has caused significant damage to the hundreds, if not thousands, of debtors who have attempted to obtain credit after a bankruptcy; and 1) who have been turned down for credit; 2) who have had to pay a higher rate of interest; or 3) who have

> actually paid over to the Defendant the amount of the
> discharged debt. The Defendant's practices are a
> violation of the bankruptcy court's discharge order;
> furthermore, these practices undermine the
> congressional goal of allowing debtors a "fresh start"
> after the debts have been discharged in a bankruptcy
> proceeding.

Basically, Plaintiffs seek to enforce their discharges. Section 524, which describes the effect of discharge, does not create a cause of action for damages. See <u>Culley v. Allsup's Convenience Stores, Inc. (In re Culley)</u>, Memorandum Opinion at 18 (Adv. 03-1371, Bankr. D. N.M. Oct. 14, 2005), <u>aff'd</u>, 347 B.R. 115 (10th Cir. B.A.P. 2006)(unpublished). Compare 11 U.S.C. § 362(h) ("An individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages.") Before 1984, neither section 362 or 524 created a cause of action for damages. In 1984, Congress amended 11 U.S.C. § 362 in section 304 of the Bankruptcy Amendments and Federal Judgeship Act of 1984 (BAFJA), PL 98-353, to include subsection (h). BAFJA section 308 also amended certain provisions of 11 U.S.C. § 524, but did not provide a similar remedy for its violation.

> Where Congress includes particular language in one
> section of a statute but omits it in another
> section of the same Act, it is generally presumed
> that Congress acts intentionally and purposely in
> the disparate inclusion or exclusion.

Page -3-

Case 07-01026-t    Doc 16    Filed 09/10/07    Entered 09/10/07 13:41:15 Page 3 of 7

Russello v. United States, 464 U.S. 16, 23 (1983)(quoting United States v. Wong Kimm Bo, 472 F. 2d 720, 722 (5th Cir. 1972)). Therefore, section 524 does not create its own right of action for its violation.

But, a bankruptcy discharge is a federal court order. See, e.g., Tennessee Student Assistance Corp. v. Hood, 541 U.S. 440, 449 n.4 (2004)("[A] discharge order under the Bankruptcy Code 'operates as an injunction' against creditors who commence or continue an action against a debtor in personam to recover or to collect a discharged debt.") A creditor that attempts collection of a discharged debt is in contempt of the bankruptcy court that issued the discharge, and that court can impose sanctions under Bankruptcy Code § 105. Schott v. WyHy Federal Credit Union (In re Schott), 282 B.R. 1, 5-6 (10th Cir. B.A.P. 2002). See also Mountain America Credit Union v. Skinner (In re Skinner), 917 F.2d 444, 447 (10th Cir. 1990)(Bankruptcy courts have statutory authorization to enter civil contempt orders.) Therefore, although debtors have no right of action under § 524, they have a right to enforce violations of § 524 through the court's contempt powers.

As a general rule, only the court that issues the disobeyed order or injunction has jurisdiction to hold a violator in contempt. Barrett v. Avco Fin'l Services Mgt. Co. (In re Barrett), 292 B.R. 1, 8 (D. Mass. 2003); Singleton v. Wells Fargo

Bank, N.A. (In re Singleton), 284 B.R. 322, 325 (D. R.I. 2002); Beck v. Gold Key Lease, Inc. (In re Beck), 283 B.R. 163, 166 (Bankr. E.D. Pa. 2002). See also Corinne Ball and Michele J. Meises, Current Trends in Consumer Class Actions in the Bankruptcy Arena, 56 Bus. Law. 1245, 1261 (2001)("Contempt, however, must be sought from the various bankruptcy courts that issued the discharge injunctions in the unrelated bankruptcy cases filed by each member of the putative class.")(Hereafter, "Current Trends".) Therefore, in the context of class actions for violation of the discharge injunction[1], courts limit the classes to debtor-plaintiffs that have received their discharges from the district in question. See Guetling v. Household Financial Services, Inc. (In re Guetling), 312 B.R. 699, 704 (M.D. Fla. 2004)("To the extent those alleged out-of-district class members have claims arising from their bankruptcy proceedings in other districts, those districts are the proper locations to bring those claims or to potentially pursue actions for contempt of any court orders."); Porter v. NationsCredit Consumer Discount Co. (In re Porter), 295 B.R. 529, 539 (Bankr. E.D. Pa. 2003)("[B]efore a class action may be maintained under

---

[1] The results may be different in the context of a chapter 13 debtor filing a class action in an ongoing chapter 13 case. See Noletto v. NationsBanc Mortgage Corp. (In re Noletto), 281 B.R. 36 (Bankr. S.D. Ala. 2000). Noletto, however, has been criticized as "erroneous", 6 Newburg on Class Actions § 20:1 (4th ed.)(text following fn. 72), and "incorrect," Current Trends at 1256.

federal bankruptcy court jurisdiction, the class representative must demonstrate that the court has subject matter jurisdiction over each class member's claim, including the claims of the unnamed members."); Barrett, 292 B.R. at 8 ("The court believes that it lacks jurisdiction over the claims of putative class members whose bankruptcies were discharged outside the District of Massachusetts."); Singleton, 284 B.R. at 325 ("Subject matter jurisdiction in this case is determined by the foregoing legal principle that only persons subject to a court's authority may be found in contempt by that court.")(Citation omitted.)(Vacating bankruptcy court's order to proceed with nationwide class discovery.); Beck, 283 B.R. at 173 ("Gold Key's position that I may not hold it in contempt for violating discharge injunctions issued by bankruptcy courts nationwide is also supported by the overwhelming number of lower courts to consider the issue.")(Collecting cases, citations omitted.)(Court strikes class claims only to extent debtor sought to recover on behalf of debtors whose bankruptcy cases were filed in other judicial districts.); Williams v. Sears, Roebuck and Co. (In re Williams), 244 B.R. 858, 867 (S.D. Ga. 2000), aff'd., 34 Fed.Appx. 967 (11th Cir. 2002)("The Court, therefore, lacks jurisdiction to enforce violations of § 524's discharge injunction under § 105 through civil contempt proceedings unless the debtor received his discharge from the Southern District of Georgia."); Nelson v.

Providian Nat'l Bank (In re Nelson), 234 B.R. 528, 534 (Bankr. M.D. Fla. 1999)("[T]he bankruptcy court has no jurisdiction to entertain a private cause of action for damages by debtors who obtained their discharge in a court other than this one.").

The only issue before the Court today is whether Plaintiffs should be granted leave to file their amended complaint. Other issues, such as class certification, are not before the Court. Based on Rule 7015's lenient standards, the Court finds that Plaintiffs' motion is well taken in part. They may file an amended complaint that seeks certification only of a class of debtors who received their discharges from the District of New Mexico. A separate Order will enter.

_____
Honorable James S. Starzynski
United States Bankruptcy Judge

copies to:

R Trey Arvizu, III
PO Box 1479
Las Cruces, NM 88004-1479

Kelly Albers
650 Montana Ave Ste D
Las Cruces, NM 88001-4294

R Thomas Dawe
Lewis and Roca Jontz Dawe, LLP
PO Box 1027
201 Third Street, NW Suite 1950
Albuquerque, NM 87103-1027