UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW MEXICO

In re:
RALPH MONTANO and
ELSIE M. MONTANO,
    Debtors.                                                    No. 7-04-17866 SL

RALPH MONTANO and
ELSIE MONTANO,
    Plaintiffs,
v.                                                         No. 07-1026 S

FIRST LIGHT FEDERAL CREDIT UNION,
    Defendant.

**MEMORANDUM OPINION ON MOTION TO RECONSIDER ORAL
RULINGS OF MARCH 24, 2008 STATUS CONFERENCE (DOC 33)**

    This matter is before the Court on Plaintiff's Motion to Reconsider the oral rulings made at the March 24, 2008 status conference (doc 33). Counsel for the parties are listed in the service section below. For the reasons set forth below, the Court finds the Motion to Reconsider well taken and finds that it should be granted. This is a core proceeding.

**HISTORY OF CASE**

    Plaintiffs filed their original complaint on February 19, 2007 (doc 1). Defendant First Light Federal Credit Union (First Light) filed its answer March 30, 2007 (doc 4). Plaintiffs filed a motion to amend, to include other plaintiffs and to have the case certified as a class action (doc 5). The matter then came before the Court for a pretrial conference on April 9, 2007, at which time the Court asked for briefs solely on the issue of subject matter jurisdiction over the proposed parties to the amended complaint. See Order Resulting from Initial Pretrial

Conference (doc 7). First Light filed a response to the Motion to Amend (doc 10), and Plaintiffs replied (doc 11). The Court issued a Memorandum Opinion on September 10, 2007, finding that Plaintiffs should be granted leave to file an amended complaint provided the proposed class was restricted to members who received their bankruptcy discharges from the District of New Mexico. (Doc 16). The Court then entered a First Scheduling Order on September 26, 2007, ordering Plaintiffs to amend their complaint within 15 days, appointing R. "Trey" Arvizu, III interim counsel for the putative class pending certification, limiting discovery to the issues of class identification, certification, maintenance and appointment of class counsel, restricting the scope of discovery to certain persons and fixing a deadline of December 17, 2007 for filing a Motion for Class Certification and Motion for Appointment of Class Counsel. (Doc 18).

Plaintiffs filed their first amended complaint on October 1, 2007 (doc 19), and a Motion for Class Certification on October 12, 2007 (doc 21) with a Memorandum in Support (doc 22)[1]. First Light answered the first amended complaint on October 16, 2007 (doc 23). On November 5, 2007, the Court conducted a continued initial pretrial conference and orally ruled that before

---

[1] Plaintiffs have not yet filed a Motion to Appoint Class Counsel. They should do so promptly.

addressing other issues, the Court would decide whether the action should be certified as a class action.  <u>See</u> Order Resulting from Initial Pretrial Conference, doc 25.  That Order also directed First Light to respond to the Motion to Certify and Plaintiff to reply.  The Order also stated:

> The parties have agreed, at this point, that there is no need for an evidentiary hearing and the Court may render its decision based on the briefs filed in this adversary proceeding.  If either party later determines an evidentiary hearing is necessary, that party will contact the other party, and then they both will contact the Court for a hearing on the matter.

First Light responded to the Motion for Class Certification on December 3, 2007 (doc 27).  Plaintiffs replied to the response on January 8, 2008 (doc 30).

**DISCUSSION**

Although, on paper, the issue of class certification was ready for ruling, the Court analyzed the pleadings and determined that there were some material fact questions about the merits of the case.  Therefore, the Court scheduled a status conference for March 24, 2008 at which time it <u>sua sponte</u> raised issues more properly brought up in connection with a motion to dismiss, which had not been filed.  The Court ordered further briefs on issues relating to dismissal.  Plaintiffs timely filed their Motion for Reconsideration on March 31, 2008 asking the Court to 1) reconsider its oral rulings of March 24, 2008, 2) delay all

further briefing in the case pending reconsideration, and 3) grant the motion for class certification. (Doc 33).

The Court has reviewed the law and finds that the Motion for Reconsideration should be granted to correct clear error[2]. It is error to consider whether a plaintiff has stated a valid claim before ruling on a request for class certification.

> When considering a motion for class certification, the court must not address the merits of the case. "We find nothing in either the language or history of Rule 23 that gives a court any authority to conduct a preliminary inquiry into the merits of a suit in order to determine whether it may be maintained as a class action." Eisen v. Carlisle & Jacquelin, 417 U.S. 156, 177, 94 S.Ct. 2140, 40 L.Ed.2d 732 (1974). " 'In determining the propriety of a class action, the question is not whether the plaintiff or plaintiffs have stated a cause of action or will prevail on the merits, but rather whether the requirements of Rule 23 are met.' " Id. at 178, 94 S.Ct. 2140 (quoting Miller v. Mackey International, 452 F.2d 424 (5th Cir.1971)).

Smith v. Aon Corp., 238 F.R.D. 609, 614 (N.D. Ill. 2006). See also Shelter Realty Corp. v. Allied Maintenance Corp., 574 F.2d 656, 661 n. 15 (2nd Cir. 1978)(When deciding class motion, District Judge is prohibited from conducting an inquiry into the merits of the case; the judge can consider affidavits and exhibits, and should accept the complaint allegations as true);

---

[2] "Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice. Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law." Servants of the Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000)(Citations omitted).

Page -4-

Case 07-01026-t    Doc 37    Filed 09/24/08    Entered 09/24/08 13:46:28 Page 4 of 5

Blackie v. Barrack, 524 F.2d 891, 901 n. 17 (9th Cir. 1975), cert. denied, 429 U.S. 816 (1976):

> The court is bound to take the substantive allegations of the [class action] complaint as true, thus necessarily making the class order speculative in the sense that the plaintiff may be altogether unable to prove his allegations. While the court may not put the plaintiff to preliminary proof of his claim, it does require sufficient information to form a reasonable judgment. Lacking that, the court may request the parties to supplement the pleadings with sufficient material to allow an informed judgment on each of the Rule's requirements.

Therefore, the March 24, 2008 oral ruling should be set aside. This Court should decide the class certification motion before hearing or deciding the merits of the case. An Order will be entered granting the Motion for Reconsideration, vacating the existing briefing schedule, and restoring the Certification Motion to the pending list of cases under advisement.

                                            /s/ James S. Starzynski
                                            Honorable James S. Starzynski
                                            United States Bankruptcy Judge

Date Entered on Docket: September 24, 2008

copies to:

| | |
|---|---|
| R Trey Arvizu, III<br>PO Box 1479<br>Las Cruces, NM 88004-1479 | R Thomas Dawe<br>Lewis and Roca Jontz Dawe, LLP<br>PO Box 1027<br>201 Third Street, NW Suite 1950<br>Albuquerque, NM 87103-1027 |
| Kelly Albers<br>650 Montana Ave Ste D<br>Las Cruces, NM 88001-4294 | |