UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW MEXICO

In re:
RALPH MONTANO and
ELSIE M. MONTANO,
    Debtors.                                                                                      No. 7-04-17866 SL

RALPH MONTANO and
ELSIE MONTANO,
    Plaintiffs,
v.                                                                                                           ADV. No. 07-1026 S

FIRST LIGHT FEDERAL CREDIT UNION,
    Defendant.

**MEMORANDUM OPINION ON CLASS CERTIFICATION**

      This matter is before the Court on Plaintiffs' Motion for Class Certification (doc 21) and Memorandum in Support thereof (doc 22), First Light Federal Credit Union's ("First Light") response (doc 27) and Plaintiffs' Reply (doc 30). For the following reasons, the Court grants Plaintiffs' Motion for Class Certification. This is a core proceeding.

**HISTORY OF THE CASE**

      Plaintiffs filed their original complaint on February 19, 2007 (doc 1). Defendant First Light Federal Credit Union (First Light) filed its answer March 30, 2007 (doc 4). Plaintiffs filed a motion to amend, to include other plaintiffs and to have the case certified as a class action (doc 5). The matter then came before the Court for a pretrial conference on April 9, 2007, at which time the Court asked for briefs solely on the issue of subject matter jurisdiction over the proposed parties to the amended complaint. See Order Resulting from Initial Pretrial

Conference (doc 7). First Light filed a response to the Motion to Amend (doc 10), and Plaintiffs replied (doc 11). The Court issued a Memorandum Opinion on September 10, 2007, finding that Plaintiffs should be granted leave to file an amended complaint provided the proposed class was restricted to members who received their bankruptcy discharges from the District of New Mexico. (Doc 16). The Court then entered a First Scheduling Order on September 26, 2007, ordering Plaintiffs to amend their complaint within 15 days, appointing R. "Trey" Arvizu, III interim counsel for the putative class pending certification, limiting discovery to the issues of class identification, certification, maintenance and appointment of class counsel, restricting the scope of discovery to certain persons and fixing a deadline of December 17, 2007 for filing a Motion for Class Certification and Motion for Appointment of Class Counsel. (Doc 18).

Plaintiffs filed their first amended complaint on October 1, 2007 (doc 19), and a Motion for Class Certification on October 12, 2007 (doc 21) with a Memorandum in Support (doc 22). First Light answered the first amended complaint on October 16, 2007 (doc 23). On November 5, 2007, the Court conducted a continued initial pretrial conference and orally ruled that before addressing other issues, the Court would decide whether the action should be certified as a class action. See Order

Page -2-

Resulting from Initial Pretrial Conference, doc 25. That Order also directed First Light to respond to the Motion to Certify and Plaintiff to reply. The Order also stated:

> The parties have agreed, at this point, that there is no need for an evidentiary hearing and the Court may render its decision based on the briefs filed in this adversary proceeding. If either party later determines an evidentiary hearing is necessary, that party will contact the other party, and then they both will contact the Court for a hearing on the matter.

First Light responded to the Motion for Class Certification on December 3, 2007 (doc 27). Plaintiffs replied to the response on January 8, 2008 (doc 30).

The Court then scheduled a status conference for March 24, 2008 at which it asked for further briefs on the merits of the case. Plaintiffs filed a Motion for Reconsideration (doc 33), on which the Court issued a Memorandum Opinion (doc 37) and Order Granting Reconsideration (doc 38), which rescinded the requirement for further briefing. The case is now ripe for decision on class certification.

**PLAINTIFFS' CLAIMS AND REQUEST FOR RELIEF**

Plaintiffs allege that First Light incorrectly reports debts discharged in bankruptcy on debtors' credit reports in an attempt to collect them. They also allege that in many instances when debtors have contacted First Light in an effort to clear up the negative reporting, First Light has refused to correct the information and instead indicated that the problem can only be

Page -3-

Case 07-01026-t    Doc 39    Filed 10/15/08    Entered 10/15/08 15:45:19 Page 3 of 19

cleared up if the debt is paid.  Plaintiffs claim that First Light has violated and is violating the Bankruptcy Code's discharge injunction, 11 U.S.C. § 524.  Plaintiffs now seek class certification to create a class[1] of similarly situated plaintiffs pursuant to Federal Rules of Civil Procedure 23(a) and 23(b). Plaintiffs request the following relief:

1.   An order certifying the class and appointing Plaintiffs to represent the class and plaintiffs' attorney to be class counsel;

2.   An order permanently enjoining First Light from continuing to incorrectly report discharged debts on credit reports;

3.   An order requiring First Light to correct all incorrect information currently in existence;

4.   A declaration that First Light violated the Court's discharge orders;

5.   A declaration that First Light's violations were willful, intentional, and malicious in nature;

6.   An award to Plaintiffs of all actual damages incurred including attorneys' fees, costs, and expenses incurred;

---

[1]In an earlier Memorandum Opinion, doc 16, this Court opined that any class in this case needed to consist only of members who received their bankruptcy discharges from the District of New Mexico.

7.  An award to Plaintiffs of punitive damages to the extent necessary to prevent this type of conduct by Defendant and by other creditors that appear before this Court; and

8.  Any further relief deemed necessary by the Court.

**DISCUSSION OF CLASS ACTION REQUIREMENTS**

Rule 23 of the Federal Rules of Civil Procedure outlines a two-step process for determining whether class certification is appropriate.  First, Rule 23(a) lists four conjunctive prerequisites for any class:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed.R.Civ.P. 23(a).  These elements are referred to as numerosity, commonality, typicality and adequacy of representation.  Trevizo v. Adams, 455 F.3d 1155, 1161-62 (10th Cir. 2006).  "A party seeking class certification must show 'under a strict burden of proof' that all four requirements are clearly met."  Id. at 1162 (quoting Reed v. Bowen, 849 F.2d 1307, 1309 (10th Cir. 1988)).  And, the trial court must engage in its own "rigorous analysis" of whether "the prerequisites of Rule 23(a) have been satisfied."  Shook v. El Paso County, 386 F.3d 963, 968 (10th Cir. 2004), cert. denied, 544 U.S. 978 (2005)(citing Gen. Tel. Co. of the S.W. v. Falcon, 457 U.S. 147,

Case 07-01026-t    Doc 39    Filed 10/15/08    Entered 10/15/08 15:45:19 Page 5 of 19

161 (1982)). In doing so, the trial court also must accept the substantive allegations of the complaint as true. Id. (Citations omitted.) When ruling on a class action certification motion, the Court takes the substantive allegations of the complaint as true and can also consider extrinsic evidence submitted by the parties. Blackie v. Barrack, 524 F.2d 891, 901 (9th Cir. 1975), cert. denied, 429 U.S. 816 (1976).

Second, assuming the requirements of subdivision (a) are satisfied, the party seeking class certification must also demonstrate that the action is maintainable by falling within one of the three kinds of actions permitted under Rule 23(b). See Fed.R.Civ.P. 23(b); Shook, 386 F.3d at 968. Specifically, the plaintiffs must show that their claim is proper under Rule 23(b)(1), (b)(2) or (b)(3).

An action is maintainable under Rule 23(b)(1) when there is either a risk of prejudice from separate actions establishing incompatible standards of conduct or the judgment in an individual lawsuit might adversely impact other class members. Fed.R.Civ.P. 23(b)(1). Plaintiffs do not seek certification under Rule 23(b)(1).

An action is maintainable under Rule 23(b)(2) when the defendant "has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with

Page -6-

Case 07-01026-t   Doc 39   Filed 10/15/08   Entered 10/15/08 15:45:19 Page 6 of 19

respect to the class as a whole." Fed.R.Civ.P. 23(b)(2). Rule 23(b)(2) actions are common when injunctive or declaratory relief is the primary relief sought. Thomas v. Baca, 231 F.R.D. 397, 399 (C.D. Cal. 2005). Recovery of damages is generally not available in a Rule 23(b)(2) class action. Id. Money damages may be available, however, where the claim for money damages is secondary to the primary claim for injunctive or declaratory relief. Molski v. Gleich, 318 F.3d 937, 947 (9th Cir. 2003); 7AA Wright, Miller and Kane, Fed. Prac. & Proc. Civ. 3d § 1775 (hereafter, "FPP Civ. 3d")(A suit predominantly seeking money damages does not qualify under Rule 23(b)(2). Certification under Rule 23(b)(2) may be allowed in actions involving some damages as long as they are "incidental.")

An action is maintainable under Rule 23(b)(3) if questions of law or fact common to the class predominate over questions affecting the individual members, and the court determines that a class action is superior to other methods available for adjudicating the controversy. Fed.R.Civ.P. 23(b)(3). Recovery of damages is available under Rule 23(b)(3). Thomas, 231 F.R.D. at 399. If a class is certified under Rule 23(b)(3), all absent class members must be notified of the action and informed of their right to opt out of the litigation. Id.

**ANALYSIS**

Plaintiffs seek certification of their class action under Rule 23(b)(2) and (b)(3). First Light's first argument against class certification is that debtors can update their own credit reports, so there have been no damages, and therefore no basis for class certification. Doc 27, pages 2-4. This is essentially a Rule 12(b)(6) claim. "When considering a motion for class certification, the court must not address the merits of the case." Smith v. Aon Corp., 238 F.R.D. 609, 614 (N.D. Ill. 2006). "In determining the propriety of a class action, the question is not whether the plaintiff or plaintiffs have stated a cause of action or will prevail on the merits, but rather whether the requirements of Rule 23 are met." Eisen v. Carlisle & Jacquelin, 417 U.S. 156, 178 (1974). Therefore, this first argument must fail[2].

First Light's second argument against certification is that the Bankruptcy Court lacks jurisdiction because no benefit inures to the estate. Doc 27, pages 5-6. But, a creditor that attempts collection of a discharged debt is in contempt of the bankruptcy court that issued the discharge, and that court can impose sanctions under § 105 of the bankruptcy Code. Schott v. WyHy

---

[2]The Court is aware, however, that there is a split of authority on whether erroneous credit reporting can be a violation of the discharge injunction. Compare, e.g., Mahoney v. Washington Mutual, Inc. (In re Mahoney), 368 B.R. 579 (Bankr. W.D. Tex. 2007)(not a violation) with, e.g., Russell v. Chase Bank USA, NA (In re Russell), 378 B.R. 735 (Bankr. E.D. N.Y. 2007)(can be a violation).

Page -8-

Federal Credit Union (In re Schott), 282 B.R. 1, 5-6 (10th Cir. B.A.P. 2002). A court always has jurisdiction to enforce its own orders. Cox v. Zale Delaware, Inc., 239 F.3d 910, 917 (7th Cir. 2001). And, contempt proceedings arising out of a core matter (such as discharge) are themselves core matters. Mountain States Credit Union v. Skinner (In re Skinner), 917 F.2d 444, 448 (10th Cir. 1990).

First Light's third argument is that because the relief sought is contempt, it must be brought by motion in each specific bankruptcy case, not by adversary proceeding. Doc 27, pages 6-7. This argument is based on Mogg v. Midwest Collection Services (In re Mogg), 2007 WL 2608501 (Bankr. S.D. Ill. 2007). In Mogg, the Bankruptcy Court did find that Plaintiffs' only remedy for a discharge violation was a contempt proceeding brought in the bankruptcy case as a contested matter and that an adversary proceeding was improper. Id. at *3. It also found that "Midwest did not violate the discharge injunction." Id. at 4. Therefore, one cannot know the real reason why the bankruptcy court dismissed the adversary proceeding.

On the other hand, there are cases that focus on the fact that a matter was filed as an adversary proceeding instead of a contested matter and find that it was not improper. See In re Dunmore, 262 B.R. 85, 87 n. 1 (Bankr. N.D. Cal. 2001):

> As an aside, the court notes that an adversary proceeding is a more formal procedural framework than a

contested matter, with more stringent rules of evidence
applicable. While some courts have voided results in
contested matters when the dispute should have been
litigated as an adversary proceeding, e.g. In re Lyons,
995 F.2d 923 (9th Cir. 1993), the court is not aware of
any case which has voided a judgment in an adversary
proceeding because it should have been litigated as a
contested matter. As this court noted in Practical
Bankruptcy Procedure (Shepard's/McGraw-Hill 1993), §
10.03: "Bringing a dispute before the court as an
adversary proceeding which does not fall within one of
the [provisions of FRBP 7001] is not per se improper,
in that no one can complain if they are given more than
the minimum required for procedural fairness."

See also Wagner v. Piper Industries, Inc. (In re Wagner), 87 B.R. 612, 619 (Bankr. C.D. Cal. 1988):

> Defendants' last argument in support of their
> motion to dismiss is that debtors' claims for relief
> are based on contempt and they, therefore, should have
> been brought this action as a motion and not as an
> adversary proceeding.
> This argument is not persuasive. An adversary
> proceeding provides the parties with more, not less,
> procedural protections than what are available in a
> contested matter by way of motion. While a request for
> a finding of contempt may be brought by motion, neither
> the Bankruptcy Code or Rules mandates it. Defendants'
> procedural argument is denied.

The Court agrees with the reasoning of the latter two cases and finds that even if a motion for contempt is the normal way to pursue discharge violations, that it is acceptable to proceed by adversary proceeding as well.

First Light's final argument is that Plaintiffs do not meet the specific elements of Rule 23(a) or (b). Doc 27, pages 7-13. Each element will be addressed in turn.

**I.   Rule 23(a)**

### A. Numerosity

Plaintiffs allege that the class is sufficiently numerous because 3,192 individual credit union members from Texas and New Mexico have filed bankruptcy since 1997. Plaintiffs estimate that over 1000 are from New Mexico and therefore potential class members. Under Rule 23(a) the class must be "so numerous that joinder of all members is impracticable." Fed.R.Civ.P. 23(a)(1).

> In determining whether the litigation is properly
> certified as a class action, the issue is merely
> whether the representative plaintiff has demonstrated
> the probability of the existence of a sufficient number
> of persons similarly inclined and similarly situated to
> render the class action device the appropriate
> mechanism for obtaining judicial determination of the
> rights alleged. Dawes v. Philadelphia Gas Commission,
> 421 F.Supp. 806, 813 (E.D. Pa. 1976). In so doing, the
> Court is entitled to make common sense assumptions in
> order to support a finding of numerosity. Patrykus v.
> Gomilla, 121 F.R.D. 357, 360 (N.D. Ill. 1988); Snider
> v. Upjohn Co., 115 F.R.D. 536, 539 (E.D. Pa. 1987).
> Finally, where the numerosity question is a close one,
> the trial court should find that numerosity exists,
> since the court has the option to decertify the class
> later pursuant to Rule 23(c)(1). Rodger v. Electronic
> Data Systems Corp., 160 F.R.D. [532] at 537 [(E.D. N.C.
> 1995)].

Stewart v. Associates Consumer Discount Co., 183 F.R.D. 189, 193 (E.D. Pa. 1998). And, some cases presume numerosity when a certain number of members are known. See, e.g., Talbott v. GC Services Ltd. Partnership, 191 F.R.D. 99, 102 (W.D. Va. 2000) (presuming 25 members is numerous); Dujanovic v. MortgageAmerica,

Page -11-

Inc., 185 F.R.D. 660, 666 (N.D. Ala. 1999)(presuming 40 members is numerous).

Plaintiff's allegations show that the potential class is "so numerous that joinder of all members is impracticable." Therefore, Rule 23's numerosity requirement is satisfied.

### B.  Commonality

A class has sufficient commonality when "there are questions of law or fact common to the class." Fed.R.Civ.P. 23(a)(2).

> Rule 23(a)(2) does not require that all questions of law or fact raised in the litigation be common.  There need be only a single issue common to all members of the class.  Therefore, when the party opposing the class has engaged in some course of conduct that affects a group of persons and gives rise to a cause of action, one or more of the elements of that cause of action will be common to all of the persons affected. H. Newberg, Class Actions s 1110a, at 180-81 (1977); 3B Moore's Federal Practice P 23.06-1, at 23-173 (2d ed. 1979); Wright & Miller, Federal Practice & Procedure: Civil s 1763, at 603-04 (1972).

Edmonson v. Simon, 86 F.R.D. 375, 380 (N.D. Ill. 1980).

In this case, First Light allegedly committed the same conduct with respect to all class members, *i.e.,* knowingly misreporting the credit status of debts in an attempt to collect them post-discharge.  Based on these allegations of standardized conduct, the Court concludes that common questions exist as to whether First Light's conduct was contumacious.  Therefore, Rule 23's commonality requirement is satisfied.

### C.  Typicality

The class representatives' claims must be typical of the class. Fed.R.Civ.P. 23(a)(3). "A plaintiff's claim is typical if it arises from the same event or practice or course of conduct that gives rise to the claims of other class members and his or her claims are based on the same legal theory." Keele v. Wexler, 149 F.3d 589, 595 (7th Cir. 1998)(citation omitted). In this case, the named Plaintiffs' claims are identical to those of the class. Therefore Rule 23's typicality requirement is satisfied.

**D.    Adequacy**

Rule 23(a)(4) requires that the representative parties will fairly and adequately protect the interests of the class. Fed.R.Civ.P. 23(a)(4). "Resolution of two questions determines legal adequacy: (1) do the named plaintiffs and their counsel have any conflicts of interest with other class members and (2) will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the class?" Hanlon v. Chrysler Corp., 150 F.3d 1011, 1020 (9th Cir. 1998)(citing Lerwill v. Inflight Motion Pictures, Inc., 582 F.2d 507, 512 (9th Cir.1978)). See also Stewart, 183 F.R.D. at 196 (Same.) As to the first question, Plaintiffs allege that there is no conflict or antagonism whatsoever between Plaintiffs and the potential class members. Doc 22, p. 13. As to the vigorous prosecution element, the Court has no basis for finding that Plaintiff's counsel will

not prosecute the action with vigor[3], particularly if counsel's advocacy so far is any guide to the future.  Nevertheless, since the Court has previously requested that Plaintiffs' counsel file a Motion to Employ Class Counsel under Rule 23(g), First Light may raise this issue again in connection with that motion.

## II.  **Rule 23(b)**

To be certified, a class must also satisfy the requirements of one of the three subsections of Rule 23(b).  Plaintiffs request certification under Rule 23(b)(2) and 23(b)(3)

### A.  **Rule 23(b)(2)**

A class may be certified under Rule 23(b)(2) if "the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole." Fed.R.Civ.P. 23(b)(2). Plaintiffs allege that First Light acted with the same behavior for all class members, _i.e._, incorrectly reporting credit data and then intentionally refusing to correct it.  The relief requested by Plaintiffs includes an injunction permanently enjoining First Light from incorrectly reporting discharged debts on credit reports; an injunction requiring First Light to correct

---

[3] Incidentally, the cases state that the burden of proving inadequate representation is with the defendants.  See Stewart, 183 F.R.D. at 196; Cichonski v. American Inventors Corp., 1995 WL 657107 at *6 n. 4 (E.D. Pa. 1995); Dujanovic v. MortgageAmerica, Inc., 185 F.R.D. 660, 668 (N.D. Ala. 1999).

Case 07-01026-t    Doc 39    Filed 10/15/08    Entered 10/15/08 15:45:19 Page 14 of 19

all incorrect information currently in existence; a declaration that First Light violated the Court's discharge orders; and a declaration that First Light's violations were willful, intentional, and malicious in nature.  This type of injunctive and declaratory relief is readily available in a Rule 23(b)(2) class action.  Accordingly, the Court will certify a class under Rule 23(b)(2) on the issues of injunctive relief and declaratory relief.

**B.   Rule 23(b)(3)**

Plaintiffs seek to certify their damage claims under Rule 23(b)(3).  When a class of plaintiffs is pursuing a damages remedy, Rule 23(b)(3) is applicable.  7AA FPP Civ. 3d § 1782.  Rule 23(b)(3) certification requires a determination that "questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other methods for the fair and efficient adjudication of the controversy."  Fed.R.Civ.P. 23(b)(3).  "When common questions represent a significant aspect of the case and they can be resolved for all members of the class in a single adjudication, there is a clear justification for handling the dispute on a representative rather than on an individual basis."  7AA FPP Civ. 3d § 1778.  See also Hanlon, 150 F.3d at 1022 (same); Talbott, 191 F.R.D. at 106 (Rule 23(b)(3) is normally satisfied where there is an essential common factual

link such as a standardized practice). (Citation omitted.)
"This is true even though the nature and amount of damages may
differ among class members." Id. (Citation omitted.) And,
generally, the damages to be awarded to each plaintiff will have
to be tried separately. 7AA FPP Civ. 3d § 1782.

In this case there is a common question that can be resolved
for all members of the class in a single adjudication, that is,
whether First Light's credit reporting habits amount to an
intentional violation of the discharge injunction. Plaintiffs
therefore meet the first half of Rule 23(b)(3).

As to the superiority of a class action for this case,
efficiency is the "primary focus" to determine if a class action
is the superior method to resolve a controversy. Id. (Citation
omitted.) There is a great potential savings for the court
system if the issue in this case could be decided once rather
than hundreds or thousands of times. Also, it is proper for the
Court to consider the inability of the poor or uninformed to
enforce their rights, and the improbability that large numbers of
class members would possess the initiative to litigate
individually. Id. (Quotation omitted.) The class proposed in
this case consists of bankruptcy debtors, who usually are poor
and have difficulty enforcing their rights. The Court finds that
Plaintiffs have met the second half of Rule 23(b)(3).

Rule 23(b)(3) also lists other matters pertinent to findings under rule 23(b)(3).  First, the interest of members of the class in individually controlling the prosecution of separate actions: the Court is unaware of any pending actions other than this one. Second, the extent and nature of any litigation concerning the controversy already commenced by or against members of the class: again, the Court is unaware of any other pending actions.  Third, the desirability or undesirability of concentrating the litigation of the claims in this particular forum: as mentioned above, contempt proceedings arising from core bankruptcy matters are also core bankruptcy matters.  Therefore, the Bankruptcy Court is in fact the proper forum for dealing with this class action.  Fourth, the difficulties likely to be encountered in the management of a class action: the Court sees none, other than managing a trial schedule for the damages phase of the action.

**THE CLASSES**

Class 1 should consist of the Rule 23(b)(2) class that seeks injunctive and declaratory relief; that is, all persons that, since January 1, 1997, have received a discharge under Title 11 of the United States Bankruptcy Code from the United States Bankruptcy Court for the District of New Mexico, that scheduled First Light Federal Credit Union or Fort Bliss Federal Credit Union (its predecessor) as a creditor on his or her bankruptcy schedules or who, in fact, owed a debt to either First Light

Federal Credit Union or Fort Bliss Federal Credit Union on the date they filed their bankruptcy petition, whether they listed First Light Federal Credit Union or Fort Bliss Federal Credit Union on their bankruptcy schedules or not.

Class 2 should consist of the Rule 23(b)(3) class that seeks actual and/or punitive damages in addition to the relief sought by Class 1; that is, all persons that, since January 1, 1997, have received a discharge under Title 11 of the United States Bankruptcy Code from the United States Bankruptcy Court for the District of New Mexico, that scheduled First Light Federal Credit Union or Fort Bliss Federal Credit Union (its predecessor) as a creditor on his or her bankruptcy schedules or who, in fact, owed a debt to either First Light Federal Credit Union or Fort Bliss Federal Credit Union on the date they filed their bankruptcy petition, whether they listed First Light Federal Credit Union or Fort Bliss Federal Credit Union on their bankruptcy schedules or not, and, who claims he or she was damaged by an alleged incorrect reporting to the national credit reporting agencies of the status of their debt or induced by either credit union to repay a dischargeable or discharged debt in exchange for correction of the credit reporting information.

## **CONCLUSION**

The Plaintiffs have established the requirements of Federal Rule of Civil Procedure 23(a) and (b) such that this action can

proceed as a class action.  This class action shall have two classes: one under Fed.R.Civ.P. 23(b)(2) that seeks injunctive and declaratory relief (Class 1), and one under Fed.R.Civ.P. 23(b)(3) that seeks damages and punitive damages (Class 2).  The Court will enter an Order under Fed.R.Civ.P. 23(c) certifying the class action, defining the classes and the class claims, and continue the appointment of interim counsel to act on behalf of the class (pending the outcome of a forthcoming Motion to Employ Class Counsel under Fed.R.Civ.P. 23(g)).  The Order will also direct appropriate notice to Class 1 and direct the best notice practicable under the circumstances to Class 2.

                                          Honorable James S. Starzynski
                                          United States Bankruptcy Judge

Date Entered on Docket:  October 15, 2008

copies to:

R Trey Arvizu, III
PO Box 1479
Las Cruces, NM 88004-1479

Kelly Albers
Law Office of Kelly P. Albers, P.C.,
650 Montana Ave Ste D
Las Cruces, NM 88001-4294

R Thomas Dawe
Lewis and Roca Jontz Dawe, LLP
PO Box 1027
201 Third Street, NW Suite 1950
Albuquerque, NM 87103-1027